**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **AFI KAFUI ADJAVON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-215-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Afi Kafui Adjavon's Petition for a Writ of Habeas Corpus, ECF No. 1.  Adjavon is held in immigration detention at the ERO El Paso Camp East Montana Detention Facility in El Paso, Texas.  *Id.* ¶¶ 3, 65.  She argues that her detention is unlawful and asks the Court to order her release or a bond hearing.  *Id.* ¶¶ 74–105; *id.* at 28.  She also requests that Respondents be prevented from transferring her outside of the District.  *Id.* at 28.

Adjavon entered the United States in 2023, was encountered by immigration authorities, placed in removal proceedings, and released on her own recognizance.  *Id.* ¶¶ 58–60.  She "has been compliant with all conditions of her release."  *Id.* ¶ 63.  On January 8, 2026, Adjavon was arrested by immigration authorities and re-detained.  *Id.* ¶ 62.  As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–688 (W.D. Tex. 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has

already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Adjavon's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than February 5, 2026**, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Adjavon from the United States, or (2) transfer Adjavon to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 29th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2