**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **AFI KAFUI ADJAVON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-215-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>FINAL JUDGMENT</u>**

On this day, the Court considered the case. On February 6, 2026, the Court granted in part Afi Kafui Adjavon's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide her with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision. Feb. 6, 2026, Order 2–3, ECF No. 4. Respondents were required to do so by February 13. *Id.*

On February 12, Adjavon filed a Motion to Enforce Judgment ("Motion"), ECF No. 5, seeking an order for her release because the Immigration Judge, at the February 12 bond hearing, denied her bond "based on lack of jurisdiction." Mot. 2.

On February 13, Respondents filed a Notice, ECF No. 8, also informing the Court of the IJ's decision to deny bond for lack of jurisdiction, citing *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). *Id.* ¶ 4. According to Respondents' counsel, "on February 13, 2025, [they] recommended Petitioner be released from custody in compliance with this Court's order" and "ICE has confirmed . . . that the Petitioner will be released pursuant to this Court's Order." Notice ¶ 5.

On February 17, the Court thus ordered Respondents to file notice stating whether Adjavon had in fact been released.  Feb. 17, 2026, Order 2, ECF No. 9.  Respondents have now informed the Court that "[o]n February 14, 2026, the Petitioner was released from the detention facility on her own recognizance."  Advisory, ECF No. 10.  And have also filed a Response to Adjavon's Motion, ECF No. 11, arguing that the Motion is now moot because Adjavon has now been released from custody.  Respondents are correct that Adjavon's request to be released is now moot.  As to her request for an order holding Respondents in contempt for violating the Court's February 6 Order, Respondents did violate the Order by releasing Adjavon on February 14 instead of February 13.  However, given the intervening decision from the Fifth Circuit and the confusion that may have caused, the Court declines to hold Respondents in contempt or levy sanctions at this time.

It appears that the only remaining matter to be resolved in this case is Adjavon's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA").  *See* Pet. 28, ECF No. 1; *see generally* Feb. 17, 2026, Order; Feb. 6, 2026, Order.  However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA.  *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, Adjavon's Motion, ECF No. 5, is **DENIED**.

**The Clerk shall close the case**.  To the extent Adjavon wishes to seek additional relief from the Court, she may file a motion to reopen.

**SO ORDERED**.

**SIGNED this 19th day of February, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2